(No. 4550– )

MABLE HUBBARD AND ROY HUBBARD, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 30, 1953.*

R. W. HARRIS, Attorney for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

.Tolson, C. J.

Mable Hubbard and Roy Hubbard, her husband, have filed their complaint, seeking damages for personal injuries sustained by the said Mable Hubbard, and damages to Roy Hubbard's 1948 Oldsmobile, by reason of an accident, which occurred on State Route No. 37 on July 8, 1952.

The record consists of a verified complaint, transcript of the evidence, brief and argument of claimant, and brief and argument of respondent.

The facts in the case are as follows: On July 8, 1952 about 9:00 P.M., claimant, Mable Hubbard, left her home in Marion, Illinois driving her husband's 1948 Oldsmobile to Cairo, Illinois. She drove over State Route No. 37, which was being resurfaced in certain areas. The weather was rainy, and, a road crew, which was working about one and one-half miles south of Grand Chain, the scene of the accident, was obliged at noon to cease its operations for the day, because of the downpour.

Mrs. Hubbard left Cairo about 12:30 P.M., and reached the area under repair about 2:30 in the afternoon. She stated that, when she reached this rough area, she slowed down from a speed of 40 to 45 miles per hour, which she had been maintaining, and almost immediately a car, travelling in the same direction, passed her, and, in so doing, threw mud, water and an oily substance upon her windshield, so that her view of the road was impaired.

She stated at about that moment her car struck a hole in the road, which caused the front end of the car to bounce up and down, and she lost control of the

car. Whether the car went off on the right shoulder is not too clear from the evidence, but, in any event, the car ended on the left shoulder. Mrs. Hubbard struck her chin on the steering wheel, and was rendered unconscious. Of a more serious nature, she suffered a dislocation and fracture of her left humerus, and required hospitalization. The front and left sides of Roy Hubbard's car were damaged in the amount of $327.82.

The evidence discloses that State Route No. 37 was under construction, and, at the area complained of, a portion of the highway had been removed more than a year before, and had been replaced with gravel.

On July 7, 1952, the day before the accident, this particular strip had been graded, and thereafter coated with a "primer" of cut asphalt. Finally stone chips to the depth of one-half inch were spread to prevent traffic from picking up the primer.

The evidence further discloses that a series of warning signs had been erected by the contractors some distance from the particular area, bearing the following inscriptions: "Road under construction", "Resurfacing, please drive carefully", "State of Illinois, Division of Highways".

Near the particular area, two additional signs were in place—"Slow" and "Low shoulder".

Mrs. Hubbard stated that she did not see the signs, possibly because of the heavy rainfall, but, in any event, there is no dispute but what the signs were actually in place. It is also significant to note that claimant was fully aware of the rough area, because she had driven across it just a few hours earlier on her way to Cairo.

This Court has heretofore held that the State of Illinois is not an insurer against all accidents, which

occur by reason of the condition of its highways. *Terracino* vs. *State*, No. 4420, filed on January 8, 1952; *Beenes* vs. *State*, No. 4377, filed on October 5, 1951.

This Court has also held that, if the State has knowledge, actual or constructive, of a dangerous condition on its highways, and fails to warn the public of the condition, with resultant injury, it must respond with damages for its negligence. *Pomprowitz* vs. *State*, 16 C.C.R. 230; *Rickelman* vs. *State*, 19 C.C.R. 54.

The Court of Claims, as does all of the Courts of the State of Illinois, requires a claimant to establish by a preponderance of the evidence that he or she is free from contributory negligence. *Stephens* vs. *State*, 19 C.C.R. 207.

Applying these rules of law to the facts in evidence, it is patent that the State, by erecting a series of warning sings indicating that road construction was in progress, and by also placing two additional warning signs in the immediate vicinity of the rough area, has completely discharged its duty to the public.

In addition to the above, complainant has not established by a preponderance of the evidence that she was free from contributory negligence, in that she admitted knowledge of this rough area by reason of having travelled over it a few hours earlier, and must, therefore, be charged with knowledge of its condition —good or bad.

For the reasons above stated, an award will be denied.